IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRISTIAN BERTOLI AND PATTI BERTOLI,

    Plaintiffs,

v.

WACHOVIA CORPORATION, et al.,

    Defendants.

NO. C11-3432 TEH

ORDER IMPOSING SANCTIONS

The present matter came before the Court following Plaintiffs' failure to file timely opposition papers in response to Defendant's July 20, 2011 motion to dismiss. An order to show cause why sanctions should not be imposed was issued by this Court on August 22, 2011, which required Plaintiffs to file a response to both the order and to the earlier-filed motion to dismiss. Both were filed timely on September 2, 2011.[1] Having carefully reviewed Plaintiffs' response, the Court has determined that sanctions are appropriate.

**BACKGROUND**

Civil Local Rule 7-3 requires that, when a motion has been filed, the nonmoving party must file either an opposition or a Statement of Nonopposition within 14 days of the date when the motion was served and filed. Civil L.R. 7-3(a) and (b).

The parties in this case were notified of the requirements of the Local Rule by the Clerk's Notice on Reassignment (Docket no. 13). In addition to providing notice of the Local Rule, this Notice also alerted the parties to this Court's Standing Order, which explicitly states that violation of the Local Rules may result in sanctions, as allowed by Civil

---

[1] The Court notes that the Plaintiffs response required refiling of a corrected version on September 6, 2011, four days after the ordered filing date.

Local Rule 1-4 (which allows any authorized sanction for any failure by counsel or a party to comply with either the Local or Federal Rules).

In response to this Court's order to show cause, counsel for the Plaintiffs explained the failure to meet the requirements of Local Rule 7-3 was due to his six-week vacation, which coincided with this case in a most unfortunate manner. On the first day of his vacation, Plaintiffs' counsel was contacted by counsel for the Defendant about the Defendant's intent to file a motion to dismiss, with possible hearing dates in September. Plaintiffs' counsel said he was unavailable, as his vacation extended from, in fact, the very day of the call (July 19, 2011) through the offered hearing dates, to August 1, 2011. He requested that the scheduling of the hearings–and attendant filing deadlines–be modified to suit the dates of his vacation, and Defendant's counsel explained that she could not do so, as her deadline for the motion to dismiss required immediate filing. Knowing that the motion would be filed on the deadline, July 21, and knowing that a response would therefore be required on August 3, Plaintiffs' counsel departed for his vacation, and returned, as planned, on August 1. Plaintiffs' counsel notes that this left him with very little time to attend to the Defendant's motions (to dismiss, and to strike) and therefore decided to forego responding to these motions entirely, and file an amended complaint instead.

Plaintiffs' counsel provides the Court with ample case law supporting his contention that Federal Rule of Civil Procedure 15(a) allows the filing of one amended complaint at any time before receiving a responsive pleading or the issuance of judgment. Counsel also provides further case law, holding that a motion to dismiss does not constitute a "responsive pleading" for the purposes of Rule 15(a), and therefore argues that he believed he had until the then-set hearing date of September 15 (when judgement would issue) to amend the complaint. However, on August 22, the hearing date was moved by Defendant to October 3, only to be vacated by this Court's order to show cause.

**DISCUSSION**

The imposition of sanctions for violation of Local Rules is allowed under Local Rule 1-4, which establishes that failure to comply with any Local Rule may be a ground for "any authorized sanction." The imposition of monetary sanctions is considered a less severe remedy than other (readily available) alternatives, such as dismissal of the case. *Miranda v. Southern Pacific Transp. Co.*, 710 F.2d 516, 521 (9th Cir. 1983). For violation of a Local Rule, district courts have been affirmed as having the authority to sanction counsel and impose a fine:

> "Local Rule 28 [of the Central District of California's Local Rules] authorizes 'appropriate discipline' for failure to conform with local rules, including the imposition of costs and such attorney's fees to opposing counsel as the court may deem proper under the circumstances." District courts have broad discretion in interpreting and applying their local rules. *Lance, Inc. v. Dewco Services, Inc.*, 422 F.2d 778, 783-84 (9th Cir.1970). Local Rule 28 does not limit 'appropriate discipline' to the imposition of costs and attorney's fees. Considering the more severe sanctions that may be imposed, a penalty of $250 against counsel may well qualify as 'appropriate discipline' under the rule....We see no reason to preclude the use of reasonable monetary sanctions against attorneys for violations of local rules when they are the offending parties. This may well be more appropriate on many occasions rather than penalizing the parties for the failures of their counsel." *Southern Pacific*, 710 F.2d at 521-522.

The Central District's Local Rule, examined in *Southern Pacific*, is quite similar to our own Local Rule 1-4, and may be considered analogous in interpreting the holding of *Southern Pacific* to affirm the authority of the Local Rules to allow sanctions, and therefore obviates the need for this Court to examine what other basis there may be for the imposition of sanctions under the Federal Rules of Civil Procedure or under the inherent authority of the Court. Local Rule 1-4 alone allows this Court to impose such sanctions, should the Court find counsel in violation of any duly promulgated Local Rule.

In the present matter, counsel was given an opportunity to show cause why he should not be subject to such sanction, in the form of his written response to the Court, wherein he might offer some explanation for his failure to comply with Local Rule 7-3 and thereby satisfy the Court. Unfortunately, the response filed by counsel for the Plaintiffs does not

3

meet the mark. Counsel has not explained his ignorance of Local Rule 7-3; it remains unclear whether counsel was unaware of it entirely or whether counsel elected to ignore it in light of his vacation. Counsel has not addressed why, if the timing of the motion made it impossible for him to respond, given existing travel plans, no request was made to the Court to adjust filing deadlines or otherwise assist the parties in ensuring compliance with all rules and timely filing. Instead of addressing these issues, counsel has focused on Plaintiffs' right to amend their complaint, without explaining how that right abrogates or annuls the requirements of Rule 7-3. In short, Counsel has not persuaded the Court that his vacation plans excused him from the responsibilities imposed on him as Plaintiffs' attorney in this case.

**CONCLUSION**

No cause being shown why sanctions should not be imposed, the Court orders that counsel for the Plaintiffs be sanctioned and a fine in the amount of $150 be imposed. Counsel's check, payable to the Clerk of the Court, shall be submitted within 10 days of the date of this Order.

**IT IS SO ORDERED.**

Dated: 9/28/2011

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4